We'll next hear argument in Jones v. Google. David Golub, Plaintiffs' Appeal This appeal involves important issues involving the privacy rights of young minors on the internet and whether, as the district court held, COPPA, a federal law designed to protect the privacy of minors on the internet, preempts state law causes of action that allege a violation of COPPA's protections. The plaintiffs in this case are young children, approximately five to ten years old, all under thirteen, who allege that their highly personal information about identifying them on the internet was unlawfully accessed by the channel, by the defendants, used by the defendants, collected by the defendants, and used by the defendants. To make a profit. I'm sorry, sir? To make a profit. To make a profile. A profile. And to profit from that. Yes, and to profit. Yes, I'm sorry. I didn't hear. I thought you said proffer. I beg your pardon. To develop what's known as behavioral advertising that would be targeted to these minors, to these young children, on the defendants' channels on YouTube. Does the statute COPPA contain an express preemption provision? It does. But it's a limited express preemption provision. And that is the key. The trial court, the district court in this case, let me answer it a little better. The provision is entitled inconsistent state law. The language of it is similar to language that this court has seen and that the Supreme Court has seen in numerous cases. It uses a slightly different language. It doesn't use the word requirements. It uses the word treatment. But the concept of it is that there is not complete preemption. Congress did not elect to do complete preemption. Congress did preemption of inconsistent law. The district court held that the phrase inconsistent treatment included not just inconsistent treatment of the conduct involved, but that it involved inconsistent treatment of the violations, and that because COPPA vests enforcement authority in the FTC and in state attorney generals, state law causes of action could not go forward. And the language that the district court used on that is that because the FTC has authority to invest to enforce, that does not leave room for state laws to impose additional liability. That is an express complete preemption holding. That holding, it doesn't only apply to state law causes of action, like invasion of privacy or unfair trade practices that are at issue in this case. It would apply to any state law that a legislature passed to try to protect the Internet if it imposed liability additional to what is imposed, if it imposed remedies that were additional to what's imposed under COPPA. And that holding would apply even if the substantive provisions of the statute or the substantive provisions of the causes of action are identical to what is prohibited by COPPA. I was going to ask it. Does that apply? So state attorneys general have a role to play in this enforcement scheme, but under the district court's holding, does that mean that the state attorneys general could not bring state law claims in tandem with enforcing COPPA provisions? Well, that's an interesting question because of what the district court ruled on the Tiny Lab case.  which is that the only liability can be under COPPA and enforced under COPPA is that there's no room for other state law causes of action. In the Tiny Lab's case, the New Mexico attorney general brought a COPPA action, brought a parent's patriarch COPPA action, as he's allowed to do under Section 6504, and then added to it non-COPPA claims. And what we argued to the district court and what we argue here is that it shows that there is a right to bring claims that are consistent with COPPA, even if they impose additional remedies. And there are several other cases along those lines. Yes. What I want to ask you about, and I will also ask Google, is that in looking at this, this statute has this unusual word treatment, which I think you argue doesn't really make any difference in terms of how it's interpreted. The statute does refer to treatment in the safe harbor provision. So my questions are these. Do you know of any other statute that uses this word treatment? And what is the impact, if any, of the use of treatment in the safe harbor provision? How does that help or assist in interpreting the preemption clause? Okay. And let me answer both questions. First, we haven't found another statute that uses the word treatment. But we do think we understand the use of the word treatment and can explain it, and the safe harbor provision helps, we think. The statute, what the district court held was that treatment applied to. . . Let me just say this. Yeah. We're here on de novo review. Right. Okay, fine. And I appreciate what the district court held, and we might agree with the district court. But we don't need to kind of revert. Okay. The issue on treatment is this. The statute, 6502, where the preemption provision is provided, sets forth what kinds of information on the Internet are going to be protected and how that information is going to be treated. You can do certain things with it. You can't disclose certain things with it. However, you can disclose under certain circumstances, and there are safe harbor provisions in 6503 which are referenced in 6502. And so what that statute is doing, what both of those statutes are doing, but 6502 in particular, what it's doing is saying, here is protected information. Here's how you must treat it. And then what the preemption provision says is you can't have a state law that treats that information differently. The word treatment is perfectly understandable when you look at what the statute is doing. It's dealing with how are you going to treat protected information. So, for example, if there was a state law claim that tried to impose liability for something that was under a safe harbor provision or something protected under 6502 or protected under a safe harbor, that would be preempted as in conflict with? Yes, because the statute treats that information differently. Like a data collection activity would fall in that category. Exactly. Or there's consent provisions or the parent asks for it and you're allowed to do that. These are all how do you treat this information? And what the statute is saying is you can't have a state law that treats it differently. Now, I don't want to go back on what I said about not going into the district court, but what the district court said was the statute says, and this is the exact words of the statute, the state law is preempted if it is inconsistent with the treatment of activities or actions under this section. What the district court said was treatment of violations of actions or activities under this section. That's not what the statute says, and there's a big difference in that. And the big difference in that is that reading of it is completely in conflict with established Supreme Court case law, established Ninth Circuit precedent. Fortunately for me, decisions written by members of this panel, decisions concurred in by members of this panel, it's inconsistent with the Ninth Circuit holding, the NBank holding in Stengel. It's inconsistent with Astiana. It's inconsistent with Hardeman. These are all cases which say, point blank, it is not a violation of a preemption clause for a state to add a damages claim to a preemption clause that says you can't have something inconsistent. That is textbook preemption law. That is Medtronics v. Lohr. That is Bates v. Dow. That is Stengel v. Medtronics. That is textbook law. Those cases are not mentioned in the district court decision. Let me ask this. Google makes the argument that plaintiffs' claims are wholly derivative of COPPA violations and that they're not parallel to or that it serves parallel and state common law interests. How do you respond to that? Okay. That argument plays with the word parallel. You have to look at the word parallel actually comes from Justice O'Connor's concurrence in Medtronics v. Lohr where she talks about exactly what this means. A parallel claim is a claim where you have a federal regulation, you have a state cause of action, and the state cause of action alleges a violation of the federal regulation. That is a parallel claim. That is exactly what we've done here. They're trying to suggest parallel is something else. Parallel means your state law cause of action alleges a violation of a federal regulation. And again, this is textbook preemption law. But parallel can also mean, let's say a California resident wants to sue under the California Constitution's privacy clause and say that in addition to violating COPPA, it is also violating my state law, common law rights. Isn't that parallel as well? Yes, but the claim in both instances in this case is that you violated the right to privacy. And the right to privacy derives from societal norms. Societal norms can be established by federal regulations. I think some of the confusion, it's a little bit of a tongue twister, so I took this little phrase from your brief that relates to Judge Sanchez's question. Plaintiffs are suing for conduct that violates COPPA, but they're not suing because the conduct violates COPPA. So it's kind of like a brain twister, right? Yes. So would you explain why in effect you're not suing for a violation of COPPA? Okay. Let me say that language comes from Perez, which is... I understand. Okay. So the concept is this. COPPA does not give the plaintiffs a cause of action. There's no private cause of action under COPPA. So the plaintiffs cannot sue because of COPPA. The plaintiffs can sue because there's a cause of action for invasion of privacy or a cause of action for unfair consumer practices. And they can identify conduct that forms the predicate for those causes of action. And that predicate can be a violation of a federal regulation. The issue in Perez, which is helpful, I think, to understanding that quote is, is there an underlying state law cause of action? In Perez and in Buckman, which is where these languages derives from, in those cases the claim was fraud on the FDA or fraud by omission on the FDA, and there was no underlying state law cause of action that supported that. Well, but there's also, I'm sorry to interrupt, but another important distinction from Perez and Buckman, and that's the preemption clauses in those cases under the MDA talked about requirements in addition to or different from the federal statute. We don't have that in this case. It just says inconsistent with. So I'm not sure we are necessarily in the land that that case law would necessarily mean that you can't have parallel claims that are not identically overlapping with COPPA. Okay. I don't mean to suggest that you can't have truly parallel claims. What I was trying to say earlier was that the use of the word parallel in the preemption cases, Medtronics, refers to exactly what we have here, which is pleading a violation of a federal regulation as the basis for a state law cause of action. And those cases say that's permissible. And they say that in the context, and I understand the textual difference between the preemption clause in the Medtronics case and the preemption clause here. In a sense, they're very similar because it's a form of inconsistency, is what the Medical Devices Act is talking about when it says in addition to or different from. But it's the same concept that this isn't meant by Congress to be a complete, this is not meant by Congress to be a complete preemption. This is to be a limited. Field preemption. Yes, it's not field preemption. And you can't interpret the statute in a way that renders it as field preemption. And that's just what this has done. Do you want to save your remaining time? I do. I was just about to say thank you very much. Counsel, there's a button that allows you to lower the podium. I think I'm fine. Okay. Thank you, Your Honor. Good morning, and may it please the Court. Edith Ramirez on behalf of the Google Defendant, Sapolis. And with me is Adam Cook, my colleague. And I'd also like to note that we also have Mr. Chris Chorba, who is counsel for the Cartoon Network Defendants. My understanding is that you'll argue for 17 minutes and Mr. Cook for three. That's right, Your Honor. And I would like to – I believe the time needs to be adjusted properly. No, it was 17. Okay. I see. Thank you. I will be addressing the preemption argument, and Mr. Cook will be addressing the alternative basis for affirmance. Your Honor, you noted that the preemption clause in the COPPA statute is unusual, and I think that's exactly right. And, in fact, it's different from all of the preemption clauses that are in the cases that plaintiffs cite. So because of that, I think it's important to go back to first principles regarding preemption. And the Supreme Court and this Court has instructed that you have to look at two things to ascertain congressional intent. The first is, of course, the statutory language, but also the purpose of the statute as a whole. The structure and purpose of the statute as a whole. And so the question for this Court is whether plaintiff's state law claims are consistent with COPPA's language, and whether they're consistent with the structure and purpose of the statute as a whole. We believe that the answer is plainly that they're not. Now, I want to start by addressing the contention that plaintiff's counsel makes that their claims are parallel to COPPA. In fact, that's a very disingenuous characterization. In fact, they derive and wholly depend on COPPA, and to use the language from Buckman and also the Perez case, they exist solely by virtue of COPPA. Now, without COPPA, there is absolutely nothing that would be actionable in the complaint. And let me compare what their privacy claims target as distinct from what COPPA provides. So their California privacy claim and their intrusion upon seclusion claim target very limited conduct. It targets highly offensive intrusions into private spaces. By contrast, COPPA provides broad protection over the personal information of children under the age of 13 online. How is this intrusion on privacy claim inconsistent with COPPA? Your Honor, it's inconsistent, and again, we need to give effect to the full language of the clause. Well, how is it inconsistent with the treatment? So it's inconsistent with the treatment as follows. So first of all, I want to highlight the importance of the word treatment with Judge Freeman noted in her position. But I would like to have an answer to my question first. Absolutely. Because eventually we're going to get to their causes of action, and you've mentioned two of them, the privacy generally and this intrusion on... Intrusion upon seclusion. Intrusion upon seclusion. So how are those inconsistent with the treatment in COPPA? The first thing I'd like to note is that in order to understand what is inconsistent, you have to establish what it is that you're comparing. We submit that you must compare not just the legal obligations that underlie COPPA and the state law claims at issue, but you also need to compare the method of enforcement. And the reason for that is because the word treatment is in fact broader than the word requirement. And the court in Medtronic, that's just one example, noted that the word requirement, which was at issue in that statute, is in fact narrow. And the reason the court did not find preemption there was because it said Congress would have used different language had it truly sought to preempt the claims at issue in that case. Who contend, does your client contend, that this statute is field preemption? We do not contend that, Your Honor. We are arguing that the... This particular... Field preemption is an implied preemption doctrine. We're asking the court to give full effect to the plain meaning of the preemption, the expressed preemption statute in COPPA. Your client's position is A, it's not field preemption, but this particular cause of action brought under these various state statutes is preempted as the district court found. Let me finish. Can you give us an example of an action that would not be preempted by COPPA? Under our reading, Your Honor, under our reading, what would not be preempted would be an action by a state attorney general seeking to enforce the requirements of COPPA. And that's in fact exactly what happened in this particular case, by the way. That doesn't really help us because we already know from the statute that the federal government and the state's attorney general can enforce this. So that's not a kind of precision, I think, that Judge Hawken is asking about. Well, with all due respect, Your Honor, this is a broad preemption clause. Our position is that the word treatment  but also the method of enforcement. Your client's position is that COPPA preempts anything other than an action by a state attorney general. We're asking the court to give full effect to the meaning. But would the answer to that be yes? So yes. So the clause states, no state may impose any liability for commercial activities described in COPPA that is inconsistent with the treatment of those activities under this section. The section that's referenced includes the method of enforcement. And here COPPA assigned... So let's actually talk about that because I was having some trouble with that. So this section, 6502, describes to some extent the method of enforcement. But I don't think it describes it as completely as you've made it out to be because, for example, 6504, the provision involving the state's attorney general are not mentioned anywhere in 6502. But we know that that is also a method of enforcement. Let me explain how we get there. Okay. So 6502 includes 6502C, which relates to enforcement. That in turn cross-references 6505, 6505D regarding the FTC. And that, in turn, says that the FTC is the lead enforcer subject to what's delineated in the statute, which by inference is 6504. That's a little bit attenuated, isn't it? You'd have to go through a chain of different cross-sections to finally get to 6504. Isn't a more straightforward answer that this enforcement provision describes FTC's enforcement, but it doesn't describe the entire universe of possible enforcement of COPPA? Your Honor, again, I think you need to look both at the language and we think our reasoning, in fact, does reflect the language of that statute. But beyond that, as the Supreme Court has instructed, you also need to look at the structure and the purpose of COPPA. So can I just go back before we get to that? And I am interested in the purpose and structure. So the answer to this series of questions is that if it's not brought by the FTC or a state attorney general, an action cannot be brought. Is that the bottom line of the bill? That is our interpretation of the preemption clause, Your Honor, yes. And even if it's brought by the state attorney general, that attorney general cannot bring any state law claims in addition to COPPA claims? Yes, that's our position, Your Honor,  So can I ask, I'm sorry to interrupt, but the title of subsection D says inconsistent state law. So that would suggest to me that there is a universe where there is a consistent state law that could be brought. One example... So to follow up with Judge Hawkins' point, it sounds like you would not have an example of a state law claim that could be brought either by a private plaintiff or a state attorney general under your reading. Examples under our reading would include, I mentioned, of course, the very important role that states do play in forcing COPPA. But in addition to that, the states may also provide protections for teenagers, children who are 13 and above. That was the point that the FTC made in the Fraley case. I would hope, because the statute doesn't cover that, right? I mean, that doesn't help us interpret the statute. So if there's a state constitutional provision on privacy, which you have in California and various other states, the state could not bring a claim based on that in conjunction with COPPA. Is that true? It's our position that under the proper reading of the clause, those state law claims would be barred. Now, I also want to note that the Third Circuit in the Nickelodeon case noted that conduct that, of course, extends, that may describe certain aspects of activity that's described in COPPA, but if it extends beyond COPPA, those state law claims are also permissible. So I think that the court in the Third Circuit in Nickelodeon captured the essence of the argument that we're also making here, which is you have to look to conduct that goes beyond and outside of COPPA for any state law claims to survive. So the answer to my earlier question is that other than an action brought by a state attorney general, there is no action that could be brought under state law that would not be preempted by COPPA. That's the position. That's right. But there's also, I would like to turn, Your Honor, if I may, to also the structure and the purpose of the statute. But can I just, because the plain language is important. So you're asking us to read into the word treatment of, under this section, that that contemplates a description of the enforcement regime and that the enforcement regime is exclusive, even though the word exclusive doesn't appear anywhere in the statutory languages. Am I tracking the argument? Because that is in the statutory scheme. COPPA's enforcement is exclusive to the FTC and the states, provided they coordinate with the FTC. We think that's very important. Again, I do want to look, I do think it's very important to consider the structure and the purpose of the statute. So what Congress did in 1998 when it passed COPPA was that it created and established a set of, a new standard to address what were then emerging concerns about children's privacy online. Now it did, but it did so in a very careful and balanced way. And it did so by establishing that uniform standard that would apply across the United States so that children in Wisconsin, in Texas, in California would have the same protections. But it also was conscious of the regulated entities and it wanted to assure that there would be a lead enforcer that would be interpreting and applying that uniform standard. And I think we know that because of the way the requirements that it placed on states who have the ability to enforce COPPA. The reason that Congress did that was to ensure that COPPA would be applied and enforced in a consistent uniform way. And that also makes sense because we're talking about a very dynamic area which is online activity. But, I mean, you realize much of the same arguments were made in Medtronic that there was a comprehensive regime, you have a lead enforcer in it, and that common law claims in Florida and other states should be wiped away because now you have a lead enforcer. But the Supreme Court didn't agree with that and that's where the parallel doctrine comes from. Apologies, Your Honor. You need to look very closely at the language in Medtronic. I mean, there, the argument was that a premarket approval, an abbreviated approval process amounted to, would amount to complete preemption of any state law. The court very closely looked at the language and said, requirements mean any legal duties. If Congress had meant, had wanted to preempt all of state law for a defective medical device, it would have used a different word other than requirement. So, I guess I track what you're saying that there's a lead enforcer, there's an enforcement regime, it involves the State's Attorney General, there's coordination between them. But I guess where I'm falling short is why Congress also wanted to wipe away any sort of state law protections of any kind for children under the age of 13 for these operators. The reason it did so was because it wanted to have a consistent uniform standard that applied across the board. That's one of the issues that we have with plaintiff state law claims. Let me just highlight to you one example. Let me just say, though, that the language has to be inconsistent. So, you're urging something that COPPA urges. We want consistency. So, we don't want to say that Google has to do this in Nevada and has to do that in Illinois. But if the claim is not inconsistent, I'm not sure why that doesn't track with your argument. It has, the inconsistency is both as to the underlying legal obligations as well as the method of enforcement. That's also the explicit standard for implied preemption, Your Honor. Now, I want to highlight how this, the plaintiff's claims are, in fact, inconsistent and how they can lead to more inconsistency, which is why, exactly why Congress set a consistent uniform standard that it wanted a single private, a single expert agency to enforce. Here, plaintiffs are seeking, take issue with the injunction that the FTC set in addressing the underlying conduct, the same underlying conduct that's at issue here. The FTC allowed the use of the information that had been collected prior to the injunction to be used for internal purposes of the website and online services. So, your client's position is that other than an action brought by a state attorney general, which is specifically provided for in COPPA, that no other person or entity could bring an action under COPPA? That's right. That private claims, like the one at issue here, would be barred under COPPA. So, could the United States attorney general bring an action under COPPA? The, at the federal, at the federal level, it's the FTC that enforces. Attorney general of the United States is a federal official. Well, the statute sets very clearly who is, who is authorized to enforce COPPA. So, what you're telling me, you're telling me that Merrick Garland could not bring an action under COPPA. Under COPPA, it sets out federal regulators. Because it's not mentioned in the statute. That's correct, Your Honor. The FCC could not. That's right. But there's a reason for that, because the FTC is an expert privacy agency. And that's why  selected the FTC. There also, FCC might disagree with you with respect to internet and other communications, which they have been regulating in certain ways. And they've been regulating various communications to minors for years. So, I guess your answer is, if it's not the FTC, or a state attorney general, you're out of luck under this statute. Your Honor, we're just giving effect to the plain language of the statute, which specifically designates particular federal enforcers. The lead enforcer is the FTC. It does designate certain other enforcers in relation to financial institutions. But with regard to the federal enforcement, the statute is very clear.  plain language of the statute in Section 6505. All right. Any other questions? Thank you. Thank you, Your Honor. Mr. Cook? Thank you, and may it please the Court. Ms. Ramirez has explained why this Court should affirm Judge Freeman's decision that COPPA preempts plaintiff state law claims. Judge Freeman's decision also can be affirmed for an independent reason that plaintiff's claims fail as a matter of law. I want to focus on two core deficiencies. The first is that plaintiffs can't show deception or otherwise actionable conduct as they must to state valid claims. And second, plaintiffs have not alleged facts showing they're entitled to pursue equitable relief. On the first deficiency, plaintiffs can't show actionable conduct for a simple reason. Google amply disclosed the data practices at issue. As Judge Freeman found, Google tells users what information is being collected. That includes information from devices and applications people use to access the platform as well as the videos that they watch. Can I ask Mr. Cook, the FTC enforcement action involving the New York State Attorney General resulted in a settlement. Could plaintiffs piggyback on to allegations of deception that came from that settlement as a basis for their claims? Your Honor, I don't think that settlement involved allegations of pure deception separate apart from COPPA because it was a settlement. And so I think this goes to Mr. Mears' point that COPPA preempts claims that are predicated on COPPA violations and don't have some separate deceptive element that goes beyond COPPA. And that's the Nickelodeon decision. In Nickelodeon, the court squarely held that to the extent plaintiffs were able to allege something more than COPPA, some deceptive and actionable conduct, that that was not necessarily preempted. I appreciate your point, but if we were to determine that there's no preemption, why wouldn't that issue and the ones you're laying out here go back to the district court for determination? Your Honor, we think the court can take up these issues because they are fundamentally pleading deficiencies in legal issues. That the court does not need a developed factual record to rule on. The plaintiffs in this case, in our view, have not alleged again those core elements that would enable them to state a valid state law cause of action. For example, intrusion upon seclusion. With respect to that claim, plaintiffs have to allege a highly offensive intrusion into a reasonable expectation of privacy. As set forth in our brief, we don't think they can do that in light of the fulsome disclosures that Google made and in light of ample precedent holding that a host of cases cited on pages 55 through 57 of our brief that make that point. So again, we think the court can rule as a matter of law that plaintiffs simply don't have any state law causes of action here. We'd ask the  affirm Judge Freeman's decision dismissing plaintiffs' claims. Thank you. Thank you. I think that what you heard from the other plaintiffs is that they         believe that content is inapplicable. While they were doing that, they were doing a set of statements to the channel owners, direct your content to children, rate your programs by category as low as zero to seven years old. We will pay you money for the behavioral advertising that's on your channel that's directed to children. By the way, our YouTube channel, these are the statements to the channel owners, our YouTube channel is the number one channel in the nation for children's content. That's deception. And that's deception in consumer practices. Then the issue is what about the statements to the channel owners. Their argument is well, there were statements on their privacy policy. Unlike other kinds of social media, this YouTube doesn't require enrollment. There's no, you may have had cases where there are terms of service and the user has to click off the term of service before the user can use the service. And in the case of minors, YouTube, parents have to do it for the minor according to the terms of service. YouTube doesn't have that. YouTube, little kids, five years, four years, six years, this is the data, can go on a screen. And if you have grandchildren like I do, you see it all the time. They go on a screen, there's no parental involvement, there's no parental permission, there's no parental review necessary, there's no parental authorization of the terms of service, there's no parental anything. This is straight to these little little kids. So   grandchildren like I do, you have  be able to do it for the parents at least. I don't know if anyone else knows about this, but I put a lot of   this and I think it's very well briefed for both sides. We acknowledge that you're here. We knew you were here talking to the clerk. Thank you very much. Again, Jones versus Google is a       well briefed. Thank   you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.    you. Thank  Thank you. Thank
judges: HAWKINS, McKEOWN, SANCHEZ